## Bradley v. Commonwealth.

(Decided March 11, 1927.)

### Appeal from Pike Circuit Court.

Criminal Law—Under Indictment Charging Murder of Infant by Choking or Strangling, Instruction Authorizing Conviction of Voluntary Manslaughter if Death Resulted from Abortion Held Error. —Under indictment charging that one joint defendant killed infant by smothering, choking, or strangling, the other joint defendant aiding and abetting, held that only issues that could be submitted were murder and aiding and abetting in murder, and that instruction authorizing conviction of woman of voluntary manslaughter, if, without intent to injure child, by gross negligence she took medicine or did anything causing premature birth and consequent death of child, was error.

FRANK P. DAMRON and DAUGHERTY & BARRETT for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Reversing.

Appellant and J. H. Hughes were jointly indicted, charged with the wilful murder of an unnamed boy baby, and that one or the other of them killed the child "by smothering, choking or strangling said unnamed boy baby so that it did then and there die, the other being then and there present aiding and abetting."

Appellant on her separate trial was found guilty of voluntary manslaughter, and sentenced to two years' imprisonment, from which judgment this appeal is prosecuted.

Appellant was reared in Floyd county, but at the age of about 18 she went to Catlettsburg and there engaged in domestic service. While there she became pregnant and afterwards went to Prestonsburg, where she became acquainted with, if she had not already known, her co-defendant known as Dr. Hughes, whom she engaged to attend her in her approaching motherhood. During the holidays of 1924 she visited her father's home, and while there had a fall on the ice which in her then condition caused her some pain. However she returned shortly to her work at Prestonsburg, but continuing to suffer concluded to go to her father's home some miles away. On the train she met her codefendant, and when she told him of her suffering he advised her to go on the same train to Pikeville where he could properly treat her. He gave her some medicine which she took, and which to some extent alleviated her suffering. They went to a hotel at Pikeville, and there on the next night the child was born, and was in all respects a normal, well-developed infant. There is a total lack of evidence that there was a scratch or bruise upon its body, and there is a total failure of evidence to disclose how it came to its death, although there is expert evidence by a doctor to the effect that in his opinion it was born alive.

The only charge in the indictment was murder and aiding and abetting in the murder of the infant, but the case appears to have been practiced upon the theory that appellant employed the doctor to commit an abortion upon her person, and that in doing so she had taken medicine which resulted in the death of the child after it was born alive.

There was a total lack of evidence that either appellant or her codefendant brought about the death of the

child, either by smothering, choking or strangling it, or that it came to its death after being born alive as a result of any medicine administered to her by the doctor. The only evidence on the latter score is that of defendant, and she states that the doctor gave her some medicine the character of which she knew nothing about, and the purpose of taking which she did not know, but that it relieved her suffering. She stated that she was unconscious when the child was born and for some time thereafter, but that when she regained consciousness the doctor showed her the child and it was then dead.

The jury did not convict under the murder instruction or under the instruction for aiding and abetting in murder. Those two instructions properly submitted the issue of murder by smothering, choking or strangling if there had been any evidence whatsoever to authorize the submission of those issues, which in fact were the only issues that could have been submitted if the evidence had authorized it, they being the only charges which the defendant was brought in court to answer.

But in a third instruction, the one under which defendant was found guilty, the court authorized the jury to find her guilty of voluntary manslaughter if they should believe from the evidence to the exclusion of a reasonable doubt that she, without intention to kill or injure the child, did by her gross and wanton negligence take medicine, or do other things to cause the premature birth of the infant, whereby the death of the child was brought about after it was born alive.

Not only was there no such charge against defendant, not only was there no charge of abortion or conspiracy to commit abortion, but there was a failure of evidence to show that the child was prematurely born, or that appellant took any medicine or did anything to bring about its premature birth, or that any medicine she took was designed to or could have brought about any such result.

Even if the evidence had authorized it the defendant was not brought into court to meet any such issue as was submitted in the third instruction under which she was found guilty. The death of the child was charged to have been brought about by smothering, choking or strangling, and it was not competent for the commonwealth to prove that defendant had inadvertently or otherwise brought it about by negligence in the taking of medicine. Clark v. Com., 111 Ky. 443. In that case the indictment charged

that defendant killed or caused the death of deceased by inserting into her womb a sharp and dangerous instrument, and the court held that it was not competent for the commonwealth to prove nor for the jury to consider that her death was brought about by defendant administering poison.

It results that the motion of appellant for a directed verdict of not guilty should have been sustained.

The judgment is reversed, with directions to grant the appellant a new trial, and for further proceedings consistent herewith.